FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Dec 14, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**VINCENT ROSS, JUSTIN JACKSON and
DEVANTE FRANKLIN, Individually and
on Behalf of All Others Similarly
Situated**                                                                                         **PLAINTIFFS**

vs.                                               No. 1:18-cv-__1075__

**MAGNOLIA FLOORING MILL, LLC**                                                  **DEFENDANT**

### ORIGINAL COMPLAINT—
### CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Vincent Ross ("Ross"), Justin Jackson and Devante Franklin ("Franklin") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action, against Defendant Magnolia Flooring Mill, LLC, (collectively "Defendant"), and do hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     The purpose of this Original Complaint—Class and Collective Action (hereinafter "Complaint") is to make allegations of violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, on behalf of Plaintiffs and the class they seek to represent regarding unpaid overtime wages.

2. Plaintiffs were originally opt-in plaintiffs in *Franklin v. Magnolia Flooring Mill, Inc.*, No. 1:17-cv-1073 (W.D. Ark.) under Section 216(b), which requires the consent of the opt-in to prosecute. Plaintiffs have withdrawn their consents in that case, as they were only FLSA opt-ins, which meant that they did not have the benefit of the AMWA's automatic three year statute of limitations. Plaintiffs have filed this case, seeking to preserve their automatic three year statute of limitations, in addition to a three year statute for the members of the Rule 23 class.

## II.     JURISDICTION AND VENUE

3. Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs as a result of Defendant's failure to pay Plaintiffs and all others similarly situated overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per workweek as required by the FLSA and AMWA.

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant conducts business within the State of Arkansas, operating and/or managing a flooring manufacturing and installation company.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "reside" in Arkansas.

9. Defendant employed Plaintiffs at a location within the Western District of Arkansas.

10. The acts alleged in this Complaint had their principal effect within the El Dorado Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

11. Plaintiff Ross is an individual and a resident and domiciliary of the State of Arkansas.

12. Plaintiff Jackson is an individual and a resident and domiciliary of the State of Arkansas.

13. Plaintiff Franklin is an individual and a resident and domiciliary of the State of Arkansas.

14. Defendant Magnolia Flooring Mill, LLC ("Magnolia") is a domestic limited liability company whose registered agent for service of process in the State of Arkansas is Michael W. Boyd, 100 North Court Square, Magnolia, Arkansas 71753.

15. Defendant Magnolia is a hardwood flooring manufacturing company.

## IV.     FACTUAL ALLEGATIONS

16.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

17.     Defendant has at least two employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

18.     Defendant's annual gross volume of sales or business done for each of the three years preceding the filing of the Original Complaint is not less than $500,000.00.

19.     Defendant has maintained more than four employees within the State of Arkansas at all times after three years preceding the filing of the Original Complaint.

20.     Defendant employed Plaintiffs as hourly-paid manual laborers at its facility within the three years preceding the filing of the Original Complaint.

21.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, each Plaintiff's employer.

22.     During the period relevant to this lawsuit, Defendant classified each Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA.

23.     Each Plaintiff worked more than forty hours per week in one or more weeks during his tenure.

24.     While Defendant employed each Plaintiff, Defendant paid each Plaintiff non-discretionary monetary bonuses.

25. The bonuses Defendant paid to each Plaintiff were fixed amounts and were based on production performance and ability to meet certain criteria set by Defendant.

26. Defendant did not include any of Plaintiffs' bonuses when calculating their regular rates for overtime pay purposes.

27. Each Plaintiff worked more than forty hours in at least one week in which they also earned a bonus, and their bonuses were not included in the calculation of their overtime pay rate.

28. Other hourly-paid employees also worked more than forty hours in at least one week during the time period relevant to this Complaint in which they also earned a bonus, and their bonuses were not included in the calculation of their overtime pay rate.

29. Defendant violated the FLSA and AMWA by not including Plaintiffs' bonuses in their regular rates when calculating their overtime pay.

### V.     FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. At all relevant times, Defendant maintained one corporate office or department responsible for developing or implementing Defendant's pay policies for the flooring manufacturing sawmill.

33. Other employees, other than Plaintiffs, were eligible for bonuses and were paid an hourly rate.

34. Other employees, other than Plaintiffs, who were eligible for bonuses and were paid an hourly rate, worked more than forty hours per week in at least one workweek within the three years preceding the filing of the Original Complaint.

35. Defendant did not include bonuses in other employees' regular rate for purposes of calculating overtime pay.

36. Plaintiffs propose a collective class under the FLSA, which may be preliminarily defined as follows:

> Each hourly-paid employee who worked for Defendant within three years preceding the filing of the Original Complaint, and to whom Defendant paid a bonus pursuant to any bonus plan in at least one week in which the employee worked more than forty hours per week, and who is not a plaintiff or member of the opt-in class in *Franklin v. Magnolia Flooring Mill, Inc.*, No. 1:17-cv-1073 (W.D. Ark.).

37. The relevant time period dates back three years from the date on which the Original Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38. Plaintiffs and the members of the proposed Bonus FLSA Class are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

B. They were subject to Defendant's common policy of failing to include non-discretionary bonuses in their regular rate of pay when calculating overtime pay;

C. They were subject to Defendant's common policy of excluding bonuses when calculating hourly workers' overtime rates;

39. There were over 100 employees affected by Defendant's bonus plan.

40. Defendant can readily identify the members of the Section 16(b) class, which encompass all hourly-plus-bonus employees at Defendant's flooring manufacturing company.

## VI.     AMWA RULE 23 CLASS ACTION ALLEGATIONS

41. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43. Plaintiffs propose a collective class under the AMWA, which may be preliminarily defined as follows:

> Each hourly-paid employee who worked for Defendant within three years preceding the filing of the Original Complaint, and to whom Defendant paid a bonus pursuant to any bonus plan in at least one week in which the employee worked more than forty hours per week.

44. There were over 100 employees affected by Defendant's bonus plan. Therefore, the proposed Bonus AMWA Class is so numerous that joinder of all members is impracticable.

45. Common questions of law and fact relate to all of the proposed Bonus AMWA Class members, such as:

A. Whether Defendant failed to include non-discretionary bonuses in class members' regular rate of pay when calculating class members' overtime pay; and

B. Whether Defendant paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

46. The above common questions of law and fact for the class predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the AMWA Class.

47. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

48. At the time of the filing of this Complaint, there is only one other case pending related to the allegations in this Complaint, *Franklin v. Magnolia Flooring Mill, Inc.*, No. 1:17-cv-1073 (W.D. Ark.). However, the Section 216 class period is closed, and the time for filing a Rule 23 class motion in that case has passed. There is no chance of overlapping claims because recovery in this case for *Franklin* participants can be limited to the disputed, third year of liability.

49. Plaintiffs and all proposed Rule 23 class members work or worked within the Western District of Arkansas.

50. No difficulties are likely to be encountered in the management of this class action.

51. Plaintiffs' claims are typical of the claims of the proposed Bonus AMWA class in that Plaintiffs worked as hourly-paid employees who also received bonuses from Defendant and experienced the same violations of the AMWA that all other class members suffered.

52. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

53. Plaintiffs' attorneys are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

54. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VII.    FIRST CAUSE OF ACTION

### (Individual Claims for Violation of the FLSA)

55. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

58. At all relevant times, Defendant has been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. §§ 206 and 207 requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

60. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

61. Defendant's failure to properly pay overtime wages to Plaintiffs stems from Defendant's failure to include bonuses paid to Plaintiffs when calculating overtime wages.

62. Defendant's failure to pay Plaintiffs all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs violated the FLSA.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.     SECOND CAUSE OF ACTION

### (Individual Claims for Violation of the AMWA)

64. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

66. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

67. Arkansas Code Annotated §§ 11-4-210 and 211 requires employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

68. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

69. Defendant's failure to properly pay overtime wages to Plaintiffs stems from Defendant's failure to include bonuses paid to Plaintiffs when calculating overtime wages.

70. Defendant's failure to pay Plaintiffs all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs violated the AMWA.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## IX.   THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

72. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

73. Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

74. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

75. Defendant classified Plaintiffs and all similarly situated members of the Bonus FLSA Class as non-exempt from the overtime requirements of the FLSA and paid them non-discretionary bonuses.

76. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated members of the Bonus FLSA Class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

77. Defendant's failure to pay Plaintiffs and members of the FLSA Class all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiffs and members of the FLSA Class violated the FLSA.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and members of the FLSA Class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X. FOURTH CAUSE OF ACTION

**(Class Action Claim for Violation of the AMWA)**

79. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

80. Plaintiffs, individually and on behalf of the members of the proposed AMWA Class, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

81. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and the members of the proposed AMWA class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

82. Despite the entitlement of Plaintiffs and the members of the proposed Bonus AMWA Class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

83. Defendant's failure to pay Plaintiffs and members of the AMWA Class all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiffs and members of the AMWA Class violated the AMWA.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all members of the proposed AMWA Class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs, individually and on behalf of all others similarly situated and the members of the proposed Section 216 and Rule 23 classes, respectfully pray as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. For an order of this Honorable Court entering judgment in their favor against Defendant for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and the AMWA;

E. For their attorneys' fees, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**VINCENT ROSS, JUSTIN JACKSON and DEVANTE FRANKLIN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com