IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**VINCENT ROSS, JUSTIN JACKSON and**                          **PLAINTIFFS**
**DEVANTE FRANKLIN, Individually and**
**on Behalf of All Others Similarly**
**Situated**

vs.                                No. 1:18-cv-1075-SOH

**MAGNOLIA FLOORING MILL, LLC**                                         **DEFENDANT**

**JOINT MOTION (WITH INCORPORATED BRIEF) FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS**

COME NOW Plaintiffs Vincent Ross, Justin Jackson, and Devante Franklin, individually and on behalf of all others similarly situated, by and through their attorneys, Sanford Law Firm, PLLC, and Defendant Magnolia Flooring Mill, LLC, by and through its attorneys, Bell, Boyd & McMahen, PLLC, and jointly submit this Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class.

**I.**      **INTRODUCTION**

Plaintiffs have reached an agreement to settle this case with Defendant regarding Defendant's alleged class action violations of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). The terms of the settlement are contained in the Joint Stipulation of Settlement and Release ("Agreement") attached as Exhibit 1.[1] Plaintiffs and Defendant now wish to begin the settlement approval process outlined in the *Manual for Complex Litigation (Fourth)* §§ 21.632-21.635 (2004).

---

[1] Exhibit 1 also contains the settlement division, a proposed order of preliminary approval, the class notice, and an opt-out form.

Page 1 of 15
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Preliminary Approval of Settlement**

They seek entry of an order:

- Certifying a class action under Fed. R. Civ. P. 23 for purposes of settlement including appointment of Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, as Class Counsel;

- Granting preliminary approval of the settlement;

- Approving the parties' proposed forms and methods of giving class members notice of the proposed settlement;

- Directing that notice be given to class members in the proposed forms and manner; and

- Setting a hearing on whether the Court should grant final approval of the settlement, enter judgment, award attorneys' fees and costs to Plaintiffs and Class Counsel, and approve a service award to the Named Plaintiffs.

The settlement provides substantial benefits via a Settlement Fund established for the benefit of the class members. Class Counsel will administer the settlement claims process and pay for the costs of notice. Defendants will pay attorneys' fees and expenses and Plaintiffs' service awards if approved by the Court.

The proposed settlement addresses Plaintiffs' litigation objectives and falls within the range of possible final approval. The settlement was negotiated by lawyers experienced in complex litigation. For these reasons, the settlement enjoys a presumption of fairness and should be submitted to class members for their reaction.

II.   **SUMMARY OF THE LITIGATION AND SETTLEMENT**

  A.   **The Litigation**

This case was filed on December 14, 2018 in the Western District of Arkansas.

Page 2 of 15
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Preliminary Approval of Settlement

Plaintiffs asserted claims against Defendants under the FLSA and AMWA. Plaintiffs alleged that Defendant failed to incorporate non-discretionary monetary bonuses paid to their hourly-paid employees into their "regular rate" of pay for purposes of calculating overtime. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and attorneys' fees and costs. Defendant answered, denying the allegations and asserting that Defendant did not act willfully and that Plaintiffs are not entitled to liquidated damages.

### B.   Settlement Discussions

The settlement terms are the result of arms-length negotiation between the parties. The parties' counsel have engaged in direct negotiations concerning the possible settlement of all claims, including multiple electronic negotiation sessions and an informal exchange of individualized damages analyses. The parties continued their negotiations over email and ultimately came to an agreement on material settlement terms on September 13, 2019.

### C.   The Terms of the Proposed Settlement

#### 1.   Relief Available to Class Members

Under the terms of the proposed settlement, Defendant will provide significant benefits to the certified FLSA and AMWA classes. The settlement class is comprised of all current and former hourly-paid production employees who work or worked at the Magnolia Flooring manufacturing facility located in Hamburg, Arkansas, at any time between May 26, 2016, and January 19, 2018, and who earned a bonus in at least one week in which they worked more than forty hours. There are 97 such individuals. Defendants will create a settlement fund of $21,638.25. The fund will cover all payment

Page 3 of 15
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Preliminary Approval of Settlement**

obligations of Defendants under this settlement other than attorneys' fees, costs and service fees. Defendants will pay to each of the 97 class members who does not submit an opt-out form and fulfills the conditions of the claim procedure specified in the Settlement Agreement the amounts contained within Exhibit A to the Settlement Agreement, which has been filed with the Court. The formula the Parties used to determine each class member's share of the settlement proceeds was based on the actual effect of earned bonuses on each employee's "regular rate" of pay between May 26, 2016, and January 19, 2018. The class members will also receive additional funds as liquidated damages. The settlement amounts are fair and reasonable in this case because they are based on the actual effect on each individual's "regular rate" of pay by incorporating earned bonuses throughout the relevant time period and amount to more than the back wages owed to each class member.

### 2.   Class Notice and Settlement Administration

The parties agree that notice to the settlement class will be provided by first-class mail. Class Counsel will be responsible for settlement administration, including incurring the costs of class notice, mailing class notice, answering questions concerning the settlement, and distributing settlement checks to claiming class members after receipt from Defendant.

Defendant has provided the class list and will provide the settlement checks to Class Counsel at the time specified in the Settlement Agreement and will be responsible for provision of any necessary tax forms to claiming class members. Class members will have 60 days after preliminary approval to submit an Opt-Out Form or file an objection and 120 calendar days from the Effective Date to cash their settlement checks. Any

Page 4 of 15
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Preliminary Approval of Settlement

funds that are not cashed or negotiated will be void and a stop-payment will be placed. If any class members does not cash its checks within the times specified, then Defendant will send replacement checks to the Arkansas State Auditor, Unclaimed Property Division, so that the payments are held by the Arkansas Treasurer in the name of such individual class member.

### 3. Opt-Out and Release Provisions

Class members will have 60 days from the date of preliminary approval to object to the settlement and to opt-out of the settlement. Any objections to the settlement must be served on counsel for the parties and filed with the Court. Those who opt-out of the settlement will not receive a settlement check. Each class member who receives and cashes a settlement check will be bound by the final approval order of the settlement, the judgment, and the release of FLSA and AMWA claims as set forth in the Settlement Agreement.

### 4. Incentive Award

The Parties request that a service payment be awarded to the named Plaintiffs in the amount of $300.00 each, for a total of $900.00, in recognition of their role in this litigation as the lead plaintiffs, bearing risks on behalf of the class, and most importantly, creating the benefit of a common fund for the class in the amount of $21,638.25, separate from legal fees and costs.

### 5. Attorneys' Fees and Expenses

The parties have agreed to an award to Class Counsel of $15,352.17 in attorneys' fees and $490.00 in costs. Because this amount agreed by the parties is over and above that amount owed to and which is set aside for the benefit of the class, this

Page 5 of 15
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Preliminary Approval of Settlement**

award will not affect any class member's recovery.

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018).

Counsel for Plaintiffs incurred substantial fees litigating this case from investigating claims to drafting the complaint, reviewing the data provided by Defendant, calculation of potential damages, extensive settlement negotiations, and extensive preparation and review of settlement documents. Plaintiffs' counsel will continue to incur substantial fees and costs in administering the settlement process, speaking to class members, and the work involved in obtaining final approval. The parties assert that the agreed-upon costs and fees are reasonable and should be approved.

### III. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

#### A. The Settlement of a Class Action Is Favored and Should Be Preliminarily Approved If It Falls Within the Range of Reasonableness.

The law favors settlement, particularly in class actions and other complex cases

Page 6 of 15
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Preliminary Approval of Settlement

where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. *See Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005) ("The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."). *See also Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements. Courts should hospitably receive them. This may be especially true in the present context -- a protracted, highly divisive, even bitter litigation, any lasting solution to which necessarily depends on the good faith and cooperation of all the parties."); *Schoenbaum v. E.I. Dupont De Nemours & Co.*, 2009 U.S. Dist. LEXIS 114080 (E.D. Mo. Dec. 8, 2009) ("Especially in the context of class actions, the federal judiciary has a strong policy of promoting and encouraging settlements between litigating parties."); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 2004 U.S. Dist. LEXIS 23342 (W.D. Mo. Apr. 20, 2004) ("The policy in favor of settlement is so strong that such agreements are presumptively valid."); *Newberg on Class Actions* § 11.41 (Fourth) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."). This policy is particularly appropriate in class actions where "there is an overriding public interest in favor of settlement," which "minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.'" *Armstrong v. Board of School Directors*, 616 F.2d 305, 313 (7th Cir. 1980).

Where, as here, the parties propose to resolve class action litigation through a class-wide settlement, they must obtain the Court's approval. *See* Fed. R. Civ. P. 23(e). The typical process for approval of class action settlements is described in the *Manual*,

Page 7 of 15
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Preliminary Approval of Settlement**

§§ 21.632-.634. The steps are:

1. Preliminary approval of the proposed settlement at an informal hearing;

2. Dissemination of mailed and/or published notice of the settlement and fairness hearing to all affected class members; and

3. A "formal fairness hearing," or final approval hearing, at which Class members may be heard regarding the settlement and evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

This procedure, commonly employed by federal courts, serves the dual function of safeguarding class members' procedural due process rights and enabling the Court to fulfill its role as the guardian of the class members' interests. *See Newberg*, § 11.25 (quoting *Manual for Complex Litigation* (Second) (1985).) "Under Federal Rule of Civil Procedure 23(e)(2), the Court may approve a Settlement Agreement only upon a 'finding that it is fair, reasonable and adequate.'" *Kelly v. Phiten USA, Inc.*, 277 F.R.D. 564, 570 (S.D. Iowa 2011) (quoting Fed. R. Civ. P. 23(e)(2).) This determination is entrusted "to the sound discretion" of the district court. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975). When making this determination, "the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). "By definition, a fair settlement need not satisfy every concern of the plaintiff Class, but may fall anywhere within a broad range of upper and lower limits. The essence of settlement is compromise . . . a solution somewhere between the two extremes. *Alliance To End Repression v. City of Chicago*, 561 F. Supp. 537, 548 (N.D.

Page 8 of 15
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Preliminary Approval of Settlement**

Ill. 1982).

The parties request that the Court take the first step in the settlement approval process and grant preliminary approval of the settlement.

### B. The Proposed Settlement Negotiated by The Parties Enjoys A Presumption Of Fairness.

At the outset, the settlement should be accorded a presumption of fairness. "A presumption of [fairness] applies to a class settlement reached in arm's-length negotiations between experienced, capable counsel." *Austin v. Metro. Council*, 2012 U.S. Dist. LEXIS 41750, *18-19 (D. Minn. Mar. 27, 2012); *see also* 4 Newberg § 11.41 (noting that where the settlement is the product of arm's-length negotiations between capable counsel experienced in complex class action litigation, the court should begin its analysis with a presumption that the settlement is fair and should be approved). Courts give "great weight" to and may "rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement." *Welsch v. Gardebring*, 667 F. Supp. 1284, 1295 (D. Minn. 1987). Additionally, the court "does not have the responsibility of trying the case or ruling on the merits of the matters resolved by the agreement . . . . Rather, the very purpose of compromise is to avoid the delay and expense of such a trial." *White v. National Football League*, 822 F. Supp. 1389, 1417 (D. Minn. 1993).

Here, the settlement is presumed fair and falls within the range of possible approval. The settlement was reached exclusively through arm's length bargaining through numerous email exchanges. After reaching a complete settlement agreement in principle, the parties turned their attention to documenting the settlement and exchanged draft settlement agreements, forms of notice of the settlement, and an Opt-

Page 9 of 15
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Preliminary Approval of Settlement

Out form.

In negotiating the settlement, Plaintiffs had the benefit of attorneys who are highly experienced in complex litigation and familiar with the legal and factual issues of the case. In Plaintiffs' counsel's view, the settlement provides substantial benefits to the class members, especially when considering, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings. On preliminary evaluation, the settlement here is presumptively fair and worthy of preliminary approval.

### C.   The Settlement Benefits Fall Within the Range Of Possible Recovery.

"The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Buckley v. Engle*, 2011 U.S. Dist. LEXIS 59022 (D. Neb. June 2, 2011) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999)). Courts should consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Moore v. Ackerman Investment Co.*, 2009 U.S. Dist. LEXIS 78725, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009). The preliminary approval determination is not an ultimate determination of whether the settlement is fair, reasonable, and adequate, however. Rather, the Court must determine "whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing."

Page 10 of 15
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Preliminary Approval of Settlement

*Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). This necessarily involves a preliminary determination of the settlement's fairness, reasonableness, and adequacy. *See Manual*, § 21.632. If the Court finds the settlement "within the range of possible approval," it should then order that the class members be notified of the settlement and of a formal fairness hearing to be held on the question of settlement approval. *See id.* at § 40.42 (model preliminary approval order).

Here, the settlement provides class members with substantial relief—essentially a best-case scenario—without the delay and expenses of the trial and post-trial proceedings. The Agreement is also fair in that it permits ready access to the Settlement Fund for class members. Relief is available to all current or former hourly-paid production employees who work or worked at the Magnolia Flooring manufacturing facility located in Hamburg, Arkansas, at any time between May 26, 2016, and January 19, 2018, and who earned a bonus in at least one week in which they worked more than forty hours, and who do not submit an Opt-Out Form. The relief they will receive is the full amount of their damages plus some liquidated damages.

In addition, the incentive award to the named Plaintiffs is routine, appropriate, and serves public policy by encouraging individuals to come forward to protect the rights of others, while at the same time compensating the named Plaintiffs for their time, effort, and inconvenience to represent the interests of absent class members. *See e.g., In re Linderboard Antitrust Litig.*, No. MDL 1261, 2004 WL 1221350, *19 (E.D. Pa. Jun. 2, 2004) (incentive awards of $25,000); Brotherton v. *Cleveland*, 141 F. Supp. 2d 907, 913 (S.D. Ohio 2001) ($50,000 incentive award); *see also Manual* § 30.42 at n.763. More importantly, because the named Plaintiffs conferred a $21,638.25 benefit upon the

Page 11 of 15
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Preliminary Approval of Settlement**

absent class (exclusive of fees and costs), equity dictates that they receive an incentive award from the fund for the benefit they have conferred.

### IV. THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTICE

#### A. Notice by First Class Mail is Sufficient When A Large Class is Present.

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise,' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *See Manual for Complex Litigation* at §§ 21.632, 21.633. In order to protect the rights of absent class members, the Court must provide the best notice practicable to class members. *See Phillips v. Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985).

Notice by first class mail is practical when the names and addresses of most of the class members are known. *See Manual for Complex Litigation* at § 30.211. Neither Rule 23 nor due process require receipt of actual notice by all class members; rather, notice should be mailed to the last known addresses of those who can be identified and publication used to notify others. Newberg, § 8.04 (citing *Manual for Complex Litigation* at § 30.211; *see also Kandice Simmons & Tamika v. Enter. Holdings*, 2012 U.S. Dist. LEXIS 29366, *12 (E.D. Mo. Mar. 6, 2012) (approving mailed notice to last known addresses of a Settlement Class). If notices are returned as undeliverable, Class Counsel will perform a standard skip trace to find a better address and re-send the notice.

Because the identities of the individual class members are known by Defendant,

Page 12 of 15
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Preliminary Approval of Settlement

the parties propose notice through first class mail. Proposed Notice and Opt-Out Form are included as Exhibits D and B to the Settlement Agreement, respectively. Under the circumstances of the present case, this notice is consistent with applicable law and avoids unnecessary expense that would otherwise diminish the amount of the money available to class members. The parties request that the Court find that the Notice of Class Action Settlement and Settlement Hearing complies with the notice requirements imposed by Rule 23.

### B.  The Proposed Form of Notice Adequately Informs Class Members Of Their Rights In This Litigation.

In an action proceeding under Rule 23(b)(3), the notice must inform each class member that "the court will exclude anyone from the class if he so requests [by a specified date]; the judgment will include all members who do not request exclusion and any member not requesting exclusion may, if he desires, enter an appearance through counsel." Fed. R. Civ. P. 23(c)(2).

Here, the proposed Notice included in Exhibit 1 clearly and accurately discloses the information material to a class member's decision whether to accept, object to, or opt out of the settlement. The proposed Notice provides information on the proposed settlement class; the terms and provisions of the Agreement; the relief the settlement will provide; the date, time and place of the final approval hearing; and the procedures and deadlines for opting out of the settlement or submitting comments or objections. The Notice advises class members that the parties have agreed to an incentive award for the named Plaintiffs and an award of attorney's fees and costs. Because the Notice is accurate and informs class members of the material terms of the settlement and their rights pertaining to it, the Court should approve the proposed form of Notice and direct

**Page 13 of 15**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Preliminary Approval of Settlement**

that notice be given to the class as proposed by the parties.

**V.     CONCLUSION**

For the foregoing reasons, the Court should grant preliminary approval of the proposed settlement and enter the accompanying Order of Preliminary Approval included in Exhibit 1.

**Page 14 of 15**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Preliminary Approval of Settlement**

Respectfully submitted,

**VINCENT ROSS, JUSTIN JACKSON and DEVANTE FRANKLIN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center,
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: 501-221-0088
Facsimile: 888-787-2040

Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**MAGNOLIA FLOORING MILL, LLC, DEFENDANT**

BELL, BOYD & McMAHEN, PLLC
100 North Court Square
Post Office Box 841
Magnolia, Arkansas 71754-0841
Telephone: 870-234-6111

Michael W. Boyd
Ark. Bar No. 97199
mboyd@bell-boyd.net

Jennifer Jameson McKendree
Ark. Bar No. 2007190
jmckendree@bell-boyd.net

Page 15 of 15
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Preliminary Approval of Settlement