IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VINCENT ROSS, JUSTIN JACKSON,
and DEVANTE FRANKLIN, Individually
and on Behalf of All Others Similarly
Situated                                                              PLAINTIFFS

v.                         Case No. 1:18-cv-1075

MAGNOLIA FLOORING MILL, LLC                                           DEFENDANT

**ORDER**

Before the Court is the parties' Joint Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class. ECF No. 16. Plaintiffs, on behalf of themselves and as Representative Plaintiffs on behalf of a proposed Settlement Class, and Defendant Magnolia Flooring Mill, LLC ("Magnolia"), all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Stipulation of Settlement filed with the Court ("Settlement"). ECF No. 16-1. The Court finds the matter ripe for consideration.

Pursuant to Federal Rule of Civil Procedure 23(e), the Court must approve this proposed class for settlement purposes and the settlement before it becomes effective. Review of a proposed class action settlement typically proceeds in two stages. "At the first stage, the parties submit the proposed settlement to the Court, which must make 'a preliminary fairness evaluation.'" *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) (quoting Fed. Judicial Ctr., Manual for Complex Litigation, Fourth ("MCL"), § 21.632). "If the proposed settlement is preliminarily acceptable, the Court then directs that notice be provided to absent class members, in order to afford them an opportunity to be heard on, object to, and opt out of the settlement." *Id*. (citing Fed. R. Civ. P. 23(c)(3), (e)(1), (e)(5)). When making a preliminary fairness evaluation, the "fair,

reasonable, and adequate" standard imposed by Rule 23(e)(2) is lowered, and the Court's focus is on whether the settlement is "within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Schoenbaum v. E.I. Dupont De Nemours and Co.*, No. 4:05-cv-1108-ERW, 2009 WL 4782082, at *3 (E.D. Mo. 2009). Although proposed settlements are presumptively reasonable at the preliminary-approval stage, the Court must nonetheless "consider issues such as whether the settlement carries the hallmarks of collusive negotiation or uninformed decision-making, is unduly favorable to class representatives or certain class members, or excessively compensates attorneys." *Id*. "Because there is typically no client with the motivation, knowledge, and resources to protect its own interests, the judge must adopt the role of a skeptical client and critically examine the class certification elements, the proposed settlement terms, and procedures for implementation." MCL at § 21.61.

Rule 23(e), as amended, does not change this fundamental inquiry, as the crux of the Court's preliminary approval evaluation is whether "giving notice [to the class] is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). The Court's inquiry remains focused on "the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment.

Upon review of the Settlement proposed by the parties, the Court finds that the agreement put forth is fair and acceptable. The proposed Notice of Settlement and Opt-Out Form, presented as Exhibits D and B to the proposed Settlement, respectively, are approved by the Court. Accordingly, the parties' Motion for Preliminary Approval of the Settlement is hereby

**GRANTED**. This matter is hereby **STAYED**, pending the Court's ruling on the Settlement at the final approval hearing.

**IT IS HEREBY ORDERERD THAT:**

- For the purposes of settlement, a Settlement Class is certified consisting of the following class:

    - The "Settlement Class" or the "Class" consists of all current or former hourly-paid production employees who work or worked at the Magnolia Flooring manufacturing facility located in Hamburg, Arkansas, at any time between May 26, 2016, and January 19, 2018, and who earned a bonus in at least one week in which they worked more than forty hours. These individuals have been identified in Exhibit A (ECF No. 16-1, Exhibit A) to the Parties' Settlement Agreement.

- Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, are appointed as Class Counsel.

- All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Parties' Settlement Agreement.

- Within seven (7) days following this Order, Defendant shall provide Class Counsel the mailing addresses and, to the extent available to Defendant, email addresses and telephone numbers of each individual listed on Exhibit A in a Microsoft compatible spreadsheet format, such as xls.

- Within fourteen days following this Order, Class Counsel shall send the Notice of Proposed Settlement (ECF No. 16-1, Exhibit D) and Opt-Out Form (ECF No. 16-1, Exhibit B) to each Class Member.

- Class Members shall lodge Opt-Outs using the Opt-Out Form (ECF No. 16-1, Exhibit B), which was jointly proposed by the Parties and filed with the Court.

- Any Class Member may object to this settlement, provided that such objections are made in writing, explain the basis of the objection and any legal authorities in support, are filed with the Court and are served on counsel for the Parties within sixty (60) days after preliminary approval. No Class Member may be heard at the final settlement hearing who has not complied with this requirement. Any Class Member who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the settlement. If any such Class Member unsuccessfully attempts to object to this Settlement, such Class Member will still be part of this Settlement unless the Class Member submits a valid Opt-Out Form. Unless they have timely asserted an objection to this Agreement, all Class Members shall be deemed to have waived all objections and opposition to its fairness, reasonableness and adequacy.

- A final fairness hearing will be held on at 9:00 a.m. on September 23, 2021, via video conference. Any attorney who will be representing anyone at the final fairness hearing must file a notice of appearance with the Court on or before 14 days prior to the hearing.

- Counsel for the Parties shall file a motion for final approval of all terms of the Settlement Agreement no later than fourteen (14) days before the final fairness hearing.

- If final approval of the proposed Settlement is not granted, this Order, including the above description of the settlement Class, and other actions of this Court incident to the settlement, shall be automatically vacated.

**IT IS SO ORDERED**, this 23rd day of June, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge