IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**VINCENT ROSS, JUSTIN JACKSON**                                **PLAINTIFFS**
**and DEVANTE FRANKLIN, Individually**
**and on Behalf of All Others Similarly**
**Situated**

vs.                                    No. 1:18-cv-1075-SOH

**MAGNOLIA FLOORING MILL, LLC**                                **DEFENDANT**

<u>**JOINT MOTION (WITH INCORPORATED BRIEF)**</u>
<u>**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**</u>

COME NOW Plaintiffs Vincent Ross, Justin Jackson and Devante Franklin, individually and on behalf of all others similarly situated, by and through their attorneys of the Sanford Law Firm, PLLC, and Defendant Magnolia Flooring Mill, LLC, by and through its attorneys, Bell, Boyd & McMahen, PLLC, and pursuant to Fed. R. Civ. P. 23(e) and the Court's Order granting the Joint Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (ECF No. 21), jointly submit this Motion for Final Approval of Class Action Settlement.

I.    INTRODUCTION

On December 15, 2017, McCoy Franklin commenced an action styled *McCoy Franklin, individually and on behalf of all others similarly situated v. Magnolia Flooring Mill, LLC*, Civil Action No. 1:17-cv-1073, in the United States District Court for the Western District of Arkansas asserting claims under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") stemming from Magnolia Flooring's alleged failure to correctly calculate and pay overtime wages to hourly employees who worked

**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

over forty (40) hours per week during the period of time in which Magnolia Flooring administered an alleged non-discretionary bonus program (May 26, 2016 through January 18, 2018). Like the instant action, *Franklin* was a dual action, bringing both a claim for an opt-in collective action under the FLSA and a claim for an opt-out class action under Fed. R. Civ. P. 23 for alleged violations of the AMWA.

On July 23, 2018, the Court in *Franklin* conditionally certified the following class under Section 216 of the FLSA: "all hourly-paid employees who worked for Magnolia Flooring Mill, LLC, since December 15, 2014, and to whom Magnolia Flooring paid a bonus pursuant to any bonus plan in at least one week in which the employee worked more than forty hours." Franklin did not seek certification of a Rule 23 class action. Twelve (12) individuals (including Franklin) out of 113 potential class members (including Franklin) identified by Magnolia Flooring joined the *Franklin* collective action, but three (3) individuals later withdrew. Ultimately, the parties settled the claims of Franklin and the opt-in plaintiffs, and on June 10, 2019, the Court approved the settlement agreement in *Franklin* under which the nine (9) individuals received full compensation.

On December 14, 2018, the three (3) individuals who had previously joined *Franklin*, Vincent Ross, Justin Jackson and Devante Franklin, filed the instant action against Magnolia Flooring asserting claims under FLSA and AMWA stemming from Magnolia Flooring's alleged failure to correctly calculate and pay overtime wages to hourly employees who worked over forty (40) hours per week during the period. Plaintiffs did not seek certification of a collective action under Section 216 of the FLSA but, instead, opted to pursue a Rule 23 class action defined as "all current and former hourly-paid production employees who work or worked at the Magnolia Flooring manufacturing facility located in

Page 2 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

Hamburg, Arkansas, at any time between May 26, 2016, and January 19, 2018, and who earned a bonus in at least one week in which they worked more than forty hours." The parties reached a settlement, and on March 13, 2020, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class, attaching their Joint Stipulation of Settlement and Release and seeking certification for purposes of settlement of a class action under Fed. R. Civ. P. 23, preliminary approval of the settlement terms, and authorization to provide notice to class members. ECF No. 16. After consideration of the parties' Joint Supplemental Brief filed on March 4, 2021 (ECF No. 20), the Court certified for purposes of settlement the following class:

> [A]ll current or former hourly-paid production employees who work or worked at the Magnolia Flooring manufacturing facility located in Hamburg, Arkansas, at any time between May 26, 2016, and January 19, 2018, and who earned a bonus in at least one week in which they worked more than forty hours.

ECF No. 21. In addition, the Court appointed Sanford Law Firm, PLLC as Class Counsel, directed that notice of the settlement be provided to class members, scheduled a final fairness hearing for September 23, 2021, and directed counsel to file a motion for final approval of the Settlement Agreement no later than fourteen (14) days before the final fairness hearing.[1] *Id*. Accordingly, pursuant to Fed. R. Civ. P. 23(e) and this Court's Order (ECF No. 21 and No. 24), the Parties submit this memorandum in support of their motion for final approval of the settlement of this class action.

The terms and conditions of the settlement are set forth in the Joint Stipulation of Settlement and Release as filed with the Court on March 13, 2020 (the "Settlement"). *See*

---

[1] The Court later extended the deadline for filing a motion for final approval of the Settlement Agreement to September 16, 2021. *See* ECF No. 24 (text only order).

Page 3 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

ECF No. 16-1. The Settlement conclusively resolves Plaintiffs' and the Class Members' wage claims against Defendant. The Parties reached the settlement after their experienced and capable counsel: (a) conducted an extensive investigation into the underlying facts, including all the allegations set forth in the operative Complaint that was filed on December 14, 2018 ("Complaint") (ECF No. 1); (b) thoroughly researched the law pertinent to Plaintiffs' claims and Defendant's defenses, each analyzing the merits of those claims and defenses accordingly; (c) conducted formal and informal discovery; and (d) engaged in arms-length negotiations.

After all of the above, the parties reached a settlement at a time when Plaintiffs, Defendant, and their respective counsel were fully cognizant of the strengths and weaknesses of the case, the risks of continued litigation, and the propriety of settlement, leading to a total liability settlement fund of $21,638.25 ("Gross Settlement Fund"), only $900.00 of which is allocated to the Named Plaintiffs for service awards. This settlement covers 97 class members who were each sent a Notice of Class Action Settlement and an Opt-Out Form. In addition to the Gross Settlement Fund, Defendant has agreed to pay Class Counsel the sum of $490.00 in costs and $15,352.17 in attorney's fees.

Under the terms of the Settlement, Defendant will provide significant benefits to the Class Members. Defendant will pay to each of the Class Members the amounts contained in Exhibit A to the Settlement Agreement, which has been filed with the Court. *See* ECF No. 16-1. The formula the Parties used to determine each Class Member's share of the settlement proceeds was based on the actual effect of earned bonuses on each employee's "regular rate" of pay between May 26, 2016, and January 19, 2018. Class Members will also receive additional funds as liquidated damages.

Page 4 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

Because the Court has already determined that the Class satisfies for purposes of settlement the requirements of Fed. R. Civ. 23(a) and (b)(3) when it granted preliminary certification of the Settlement Class (*see* ECF No. 21)[2], the issue presented at this stage is straight-forward: namely, whether the settlement is fair, reasonable, and adequate such that the settlement should be approved by the Court under Fed. R. Civ. P. 23(e). Plaintiffs and their counsel believe the settlement is a favorable resolution of this Litigation and is, by any measure, fair, reasonable, and adequate, particularly where Class Members will receive more than the back wages owed them. Further, Class Counsel, who are well-respected and experienced in prosecuting FLSA collective actions and Rule 23 class actions, have concluded that the settlement is an excellent result under the circumstances and is clearly in the best interest of the Settlement Class. This conclusion is based on all the circumstances presented here; a complete analysis of all available evidence; the substantial risks, expenses, and uncertainties in continuing the Litigation; the relative strengths and weaknesses of the claims and defenses asserted; the legal and factual issues presented; and experience in litigating complex actions similar to this action.

Members of the Settlement Class appear to agree with Class Counsel's conclusion. Pursuant to the Court's preliminary approval order, Class Counsel mailed a Notice of Proposed Settlement of Class Action (the "Notice") to ninety-seven (97) potential Class Members. The Notice apprised Class Members of their right to opt out of the settlement, object to the settlement, or object to Class Counsel's application for attorneys' fees and expenses, as well as the procedures for doing so. The time to file objections

---

[2] The Parties discussed the Rule 23 class requirements in Section III of the Joint Supplemental Brief filed herein on March 4, 2021 (ECF No. 20), and to the extent necessary, Section III of the Joint Supplemental Brief is incorporated herein.

Page 5 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

expired on August 22, 2021. To date, **no** Class Member has opted out of the settlement, and **no** Class Member has objected to any aspect of the settlement or to Class Counsel's request for attorneys' fees and costs. This unanimous acceptance of the settlement terms by the Settlement Class fully supports a finding that the settlement and allocation are fair, reasonable, and adequate with respect to the Class and should be approved.

II.     FINAL APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

A.     The Standard for Approval of Class Action Settlements.

Pursuant to Fed. R. Civ. P. 23(e), settlement of the claims of a certified class requires court approval. Judicial approval of class action settlements is intended to adequately protect the rights of absent class members. *See Amchem Prods, v. Windsor*, 521 U.S. 591, 621 (1997); *Jenson v. Continental Financial Corp.*, 591 F.2d 477, 482 (8th Cir. 1979) (recognizing that "[t]he purpose of Rule 23(e), which prohibits class actions from being dismissed or compromised without court approval, is to protect the rights and interests of absent class members"). The settlement of complex class action litigation is favored by the courts. *See White v. Nat'l Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993) ("The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context."); *see also Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) (noting "[a] strong public policy favors agreements, and courts should approach them with a presumption in their favor"); *Pfizer v. Lord*, 456 F.2d 532, 543 (8th Cir. 1972) ("[T]he policy of the law encourages compromise to avoid the uncertainties of the outcome of wasteful litigation and expense incident thereto."); Newberg & Conte, *Newberg on Class Actions*, §13:44 (5th ed.) ("[T]he compromise of complex litigation is encouraged by the courts and favored by public

**Page 6 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

policy."). Courts have noted that settlements "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 Fed 426, 428 (5th Cir. 1977) (internal citation omitted). Given the particularly complex nature of class actions, the public interest in favor of settlement weighs decidedly in favor of compromised settlements. *See Marshall v. Green Giant Co.*, 942 F.2d 539, 549 (8th Cir. 1991) ("It goes without saying that class actions are very complex . . ."); *Armstrong v. Bd. of Sch. Dir. of Milwaukee*, 616 F.2d 305, 313 (7th Cir. 1980), ("Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources."), *overruled on other grounds at* 134 F.3d 873 (7th Cir. 1998).

When a court is asked to determine if a proposed settlement is appropriate, the court is not required to substitute its own judgment for that of the parties or to decide the merits of the case itself. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975). In fact, when a court is reviewing a proposed settlement, the court may give considerable weight to the opinion of experienced counsel who believes that settlement is in the best interest of the class. *Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1216 (5th Cir. 1978). The court's role in reviewing a negotiated class settlement is to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned. *Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (citations omitted).

To approve a proposed settlement of a class action in the Eighth Circuit, a court must find that the proposed settlement is fair, reasonable, and adequate. *DeBoer v.*

**Page 7 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

*Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995) (quoting *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)). This determination is entrusted "to the sound discretion" of the district court. *Grunin*, 513 F.2d at 123. Rule 23(e) requires the court to consider the fairness, reasonableness, and adequacy of the settlement primarily with regard to the interests of the plaintiff class members. *In re Unitedhealth Group S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1156 (D. Minn. 2009).

In assessing the fairness and adequacy of a settlement, courts give a strong initial presumption that the compromise, which is reached following arm's-length negotiations, is fair and reasonable. *Little Rock School Dist. v. Pulaski County Special School Dist. No. 1*, 921 F.2d 1371, 1391 (8th Cir. 1990); *Jones v. Casey's Gen. Stores, Inc.*, 266 F.R.D. 222, 230 (S.D. Iowa 2009); *Grove v. Principal Mut. Life Ins. Co.*, 200 F.R.D. 434, 445 (S.D. Iowa 2001); *Newberg on Class Actions* § 13.50 (5th ed.) ("[M]any circuits held that a court could presume that a proposed class action settlement is fair if has been the product of arms-length negotiation, untainted by collusion."); *Manual for Complex Litigation*, §30.43 at 289 (3d ed. 2002); 3B *Moore's Federal Practice* ¶23.1.24[2] (2d ed. 1992). Indeed, courts in the Eighth Circuit recognize an initial presumption that the compromise is fair and reasonable. *See Ortega v. Uponor, Inc.*, 716 F.3d 1057, 1063 (8th Cir. 2013) ("A settlement agreement is 'presumptively valid.'") (citation omitted). In this case, the Court has already granted preliminary approval of the Settlement, and this preliminary determination establishes an initial presumption that the Settlement was negotiated at arm's length and that the Settlement is reasonable, fair, and adequate. Therefore, it is proper for the Court to limit its proceedings to whatever is necessary to reach an informed decision. However, in approving the Settlement, the Court does not

Page 8 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

"have the right or the duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute." *Grunin*, 513 F.2d at 123.

In determining whether a class action settlement is fair, reasonable, and adequate, a court must consider the following factors: "the merits of the plaintiff's case, weighed against the terms of settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Van Horn*, 840 F.2d at 607. District courts in the Eighth Circuit may express these factors somewhat differently, but they tend to look at the same basic information to determine whether a collective action settlement is fair. As observed by the Court in the Fayetteville Division of the Western District of Arkansas, the court in *Shackleford v. Cargill Meat Solutions Corp.*, 2013 WL 209052 (W.D. Mo. 2013), noted that, in considering a proposed settlement, a court must "find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned," quoting *Moore v. Ackerman Investment Co*., 2009 WL 2848858 (N.D. Iowa 2009); *see also Lochridge v. Lindsey Mgt. Co., Inc.*, 12-5047, 2014 WL 11958630, at *2 (W.D. Ark. Apr. 7, 2014). In both *Shackleford* and *Moore* (as well as many other cases), the following factors were evaluated: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Lochridge*, 2014 WL 11958630, at *2 (citing *Moore*);

Page 9 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

*Sanderson v. Unilever Supply Chain, Inc.*, No. 10-CV-00775-FJG, 2011 U.S. Dist. LEXIS 132378 (W.D. Mo. Nov. 16, 2011). It is well-established, however, that "[t]he single most important factor in determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement." *Marshall*, 787 F.3d at 508.

As discussed below, application of these standards establish that this settlement is fair, adequate, and reasonable and should be approved.

       B.    <u>The Proposed Settlement Meets the Standards for Approval.</u>

    1.    The Proposed Settlement is Fair.

The fairness inquiry focuses on whether the settlement was reached as a result of good-faith bargaining at arm's length without collusion. *See DeBoer*, 64 F.3d at 1178. The Settlement before the Court meets each of the prongs of the fairness standard, and the posture of the case at the time settlement was proposed and the extent of discovery favor approval. Courts give consideration to the extent of discovery conducted to ensure that a plaintiff had access to sufficient material to evaluate his or her case on an informed basis and to assess the adequacy of the settlement in light of the strengths and weaknesses of his or her position. Here, at the time the parties reached an agreement-in-principle to a settlement, Plaintiffs and their counsel had completed a process of informal discovery designed at assessing liability and damages. Class Counsel conducted a complete and extensive factual investigation into the underlying facts, including all the allegations set forth in the Complaint and Answer.

Here, the Settlement provides Class Members with substantial relief—essentially a best-case scenario—without the delay and expenses of a trial and post-trial

**Page 10 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

proceedings. The Agreement is also fair in that it permits ready access to the Settlement Fund for Class Members. Relief is available to all current or former hourly-paid production employees who work or worked at the Magnolia Flooring manufacturing facility located in Hamburg, Arkansas, at any time between May 26, 2016, and January 19, 2018, and who earned a bonus in at least one week in which they worked more than forty hours, and who did not submit an Opt-Out Form. The relief they will receive is the full amount of their alleged lost wage damages plus some liquidated damages.

In addition, the service award to the Named Plaintiffs is routine, appropriate, and serves public policy by encouraging individuals to come forward to protect the rights of others, while at the same time compensating the Named Plaintiffs for their time, effort, and inconvenience to represent the interests of absent class members. *See e.g., In re Linderboard Antitrust Litig.*, No. MDL 1261, 2004 WL 1221350, *19 (E.D. Pa. Jun. 2, 2004) (incentive awards of $25,000); *Brotherton v. Cleveland*, 141 F. Supp. 2d 907, 913 (S.D. Ohio 2001) ($50,000 incentive award); *see also Manual* § 30.42 at n.763. More importantly, because the Named Plaintiffs conferred a $21,638.25 benefit upon the absent class members, equity dictates that they receive a service award from the fund for the benefit they have conferred.

2.    The Circumstances Surrounding Negotiations Favor Approval.

The settlement negotiations took place at arm's length. The Settlement was very much the result of adversarial bargaining and a thorough analysis of the strengths and weaknesses of the parties' respective legal and factual positions. During settlement negotiations, Class Counsel made it clear that, while they were prepared to fairly assess the strengths and weaknesses of the claims asserted, they would continue to litigate

Page 11 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

rather than settle for less than fair value. As discussed in the preceding section, the settlement amount the Plaintiffs will receive is the full amount of actual damages plus some liquidated damages. The Settlement reflects an informed consideration of a complex array of factual and legal issues to be encountered by Plaintiffs if the case continued.

As demonstrated herein, the Settlement was entered into in good faith and at arm's length. Accordingly, the Settlement enjoys a presumption that it was reached without collusion and is fair, adequate, and reasonable. *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-MD-2247, 2012 WL 2512750, at *7 (D. Minn. June 29, 2012) ("Settlement agreements are presumptively valid, particularly where 'a settlement has been negotiated at arm's length, discovery is sufficient, the settlement proponents are experienced in similar matters and there are few objectors.'"); *White*, 836 F. Supp. at 1484 (holding that the terms of a settlement agreement are fair, reasonable and adequate to the class because in such circumstances, the court may presume that the negotiations were proper) (citation omitted)); *In re Indep. Energy Holdings PLC,* No. 00 Civ. 6689 (SAS), 2003 WL 22244676, at 4 (S.D.N.Y. Sept. 29, 2003) ("[T]he fact that the Settlement was reached after exhaustive arm's-length negotiations, with the assistance of a private mediator experienced in complex litigation, is further proof that [the settlement] is fair and reasonable.").

3.    The Experience of Counsel Favors Approval.

"[C]ourts give 'great weight' to and may 'rely on the judgment of experienced counsel in its [sic] evaluation of the merits of a class action settlement.'" *See In re Uponor*, 2012 WL 2512750, at *7; *White*, 836 F. Supp. at 1483; *Armstrong*, 616 F.2d at 325

**Page 12 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

("[W]hile the court . . . should not abdicate its responsibility to review a class action settlement merely because counsel support it, the court is entitled to rely heavily on the opinion of competent counsel"); *Welsch v. Gardebring*, 667 F. Supp. 1284, 1295 (D. Minn. 1987) (the court is to give "great weight to . . . the judgment of experienced counsel"). This case has been litigated and settled by experienced and competent counsel on both sides of the case. Class Counsel is well known for their experience and success in complex class action litigation and have many years of experience in litigating FLSA class actions. Based on their extensive experience and expertise, Class Counsel has determined that the Settlement is in the Class's best interest, after weighing the substantial benefits of the Settlement against the fact that, under the Agreement, each Class Member will receive more than what they could possibly be owed in unpaid overtime. The recommendations of experienced and qualified counsel favor approval of the Settlement. As such, each of the "fairness" factors have been satisfied and final approval is warranted.

C.    The Proposed Settlement is Adequate.

The strength of Plaintiffs' case and the difficulties of proof and potential defenses Plaintiffs were likely to encounter at trial support approval of the Settlement.

1.    The Risks in Establishing Liability/Damages Favors Approval.

Cases in which the plaintiff alleges failure to pay overtime on bonuses are inherently low risk-low reward. These cases involve technical violations that are easy to identify and quantify. The parties have adequately exchanged and analyzed the information necessary to determine Defendant's potential exposure. Each individual is being offered more than the value of their potential claims for unpaid overtime.

**Page 13 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

2.      The Uncertainty of Continued Litigation Supports Approval.

Although Class Counsel believes Plaintiffs' case is meritorious, their experience has taught them how the above-mentioned factors can make the outcome of a trial extremely uncertain. Defendant could have argued that the bonuses paid to each Plaintiff was discretionary, and therefore, should not be included in the regular rate for overtime purposes. If Defendants were to prevail on this argument, then Plaintiffs and their counsel will have wasted numerous hours and dollars on a low-reward claim for no reason.

3.      Complexity, Length, Expense of Litigation Supports Approval.

No doubt exists that the Settlement will spare the litigants the significant delay, risk, and expense of continued litigation. Many hours of the Court's time and resources have also been spared. Moreover, even if the Settlement Class could recover a larger judgment after a trial, the additional delay through trial, post-trial motions, and the appellate process could deny the Class any recovery for years, which would further reduce its value. The Settlement at this juncture results in a certain and substantial tangible recovery without the considerable risk, expense, and delay of additional motions, trial, and post-trial litigation. *See Reynolds v. Beneficial Nat 7 Bank,* 288 F.3d 277, 284 (7th Cir. 2002) ("To most people, a dollar today is worth a great deal more than a dollar ten years from now.").

Moreover, "[l]engthy litigation is hard on any party," but for certain classes of people, it is even harder. *Rexam Inc. v. United Steel Workers of Am.*, No. 03-2998, 2005 WL 1260914, *5 (D. Minn. May 25, 2005). Members of the Settlement Class are not highly paid, and so the certainty of a monetary recovery means a lot. In addition, none of the Class Members have to take time off of work, using valuable vacation or leave time that

Page 14 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

would otherwise be spent with their families, to prepare for and appear at trial, appear for depositions, or respond to written discovery. As evident from the complete lack of any submitted Opt-Out Forms, no Class Members will be taking the time to attend the fairness hearing to object, either. In addition, if this case proceeds through trial and appeal, it will become more difficult to locate absent Class Members who might participate in any eventual recovery.

A prolonged period of discovery, pretrial proceedings, and a lengthy and uncertain trial would not serve the interest of the Class in light of the substantial monetary benefits provided for by the Settlement when weighed against the likelihood of a larger recovery years down the road after continued litigation. The Settlement affords the Settlement Class prompt, efficient relief, while avoiding the expenses, burdens, and uncertainty of trial – all of which strongly support approval of the Settlement.

4.      The Lack of Class Member Opposition Favors Final Approval.

The attitude of class members, including the failure to object after notice of the settlement, is a factor to be considered by the Court. *DeBoer*, 64 F.3d at 1178 ("The fact that only a handful of class members objected to the settlement similarly weighs in its favor."); *Moore*, 2009 U.S. Dist. LEXIS 78725; *Sanderson*, 2011 U.S. Dist. LEXIS 132378. In this case, notices of settlement were sent to all 97 Class Members. The period for objecting to the Settlement expired on August 22, 2021. Class Counsel received no objections to the Settlement, no objections to the service awards for the Named Plaintiffs, and no objections to Class Counsel's request for an award of attorneys' fees and expenses.

The overwhelming approval by the Class Members is an important factor in

Page 15 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

evaluating the fairness, reasonableness, and adequacy of the Settlement and supports approval by the Court. *DeBoer*, 64 F.3d at 1178. As the Honorable Jeremy Fogel noted: "[T]he reaction of the class to the proffered settlement . . . is perhaps the most significant factor to be weighed in considering its adequacy." *In re Rambus Inc. Derivative Litig.,* No. C 06-3513 JF (HRL), 2009 WL 166689, 3 (N.D. Cal. Jan 20, 2009) (citation omitted); s*ee also Stoetzner v. U.S. SteelCorp.,* 897 F.2d 115,119 (3d Cir. 1990) (the fact that only 10% of class objected "strongly favors settlement"); *Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.*, 221 F.R.D. 523,529 (C.D. Cal. 2004) (absence of large number of objections raises a strong presumption settlement is fair to class).

      III.     A SERVICE AWARD SHOULD BE AWARDED TO PLAINTIFFS

      Service payments recognize a named plaintiff's time and effort, and the risks undertaken on behalf of the class. In addition, service awards advance public policy by encouraging individuals to come forward and take action to protect the rights of the class. Courts within the Eighth Circuit routinely approve the award of service payments to class representatives for their assistance to a plaintiff class. *See, e.g.,* Order at 1, *In re: Pilgrim's Pride FLSA Litig.*, MDL No. 1832 (W.D. Ark. Apr. 2, 2010) (Barnes, J.) (hereinafter "*Pilgrim's Pride* Order"); Order at 3, *Moffitt v. Johnson*, 4:05-cv-963-JLH (E.D. Ark. June 24, 2008) (Holmes, J.) (approving payment of class incentive of $25,000 to named plaintiff, in addition to the sums he was entitled to under terms of settlement).

      Neither Defendant nor any Class Member objects to a modest service and payment of $300.00 to Mr. Ross, Mr. Jackson, and Mr. Franklin for their role as the Named Plaintiffs. The service award is consistent with the payments made in this District, other jurisdictions, and in other wage-and-hour cases. Indeed, named plaintiffs are routinely

**Page 16 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

awarded service awards as part of a collective or class action settlement. *See, e.g.,*
*Helmert v. Butterball, LLC*, Case No. 4:09-cv-003420-JLH, Dkt. No. 473 (W.D. Ark. Nov.
9, 2012) (Holmes, J.); *Pilgrim's Pride* Order at 1, (granting service awards of $5,000 to
each named plaintiff, $2,500 to each deposed class member and $1,000 to each class
member who provided a declaration in support of certification); *see also* Order at 3, *Cortez*
*v. Nebraska Beef, Inc.*, Nos. 08-90, 08-99 (D. Neb. May 17, 2012) (awarding service
awards of $5,000 to each named plaintiff and $2,500 to each class member); Order at 2,
*Martinez-Hernandez v. Butterball, LLC*, No. 07-0714 (E.D.N.C. Mar. 19, 2012) (awarding
named plaintiffs $10,000 each and $250 to each deposed plaintiff for service to class);
Order at 8, *Frank v. Gold'n Plump Poultry, Inc.*, No. 04-1018 (D. Minn. Apr. 18, 2008)
(approving awards of $12,500 to each class representative).

  In this case, the requested service payments partly reflect the efforts by Mr. Ross,
Mr. Jackson, and Mr. Franklin in gathering and communicating information to Class
Counsel and acting as the public face of this litigation. The Named Plaintiffs agreed to
serve as the representatives for current and former Magnolia Flooring Mill, LLC
employees and participated fully and actively in the investigation of the claims in this case,
producing records when necessary and answering requests for information. The Named
Plaintiffs communicated with Class Counsel about the status of this case and about case
strategy on numerous occasions. Although depositions and trial were ultimately
unnecessary, they were willing to testify. They cooperated fully with Class Counsel. They
have continuously stayed abreast of the litigation and performed a remarkably valuable
service, both to Settlement Class members and the public as a whole by enduring the
delay of pursuing this case on a class-wide basis. Further, had the Named Plaintiffs not

**Page 17 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

been successful at summary judgment or trial, they bore the risk of having to pay Defendants' taxable costs in this litigation – costs that represented the costs of defending a class rather than an individual action. Class representative service awards are appropriate here in light of the efforts made by Named Plaintiffs to protect the interests of the Settlement Class, the time and effort they expended pursuing these matters, as well as the substantial benefit they bestowed on the Class. Through Plaintiffs' efforts, they provided Class Counsel access to the underlying facts, which in turn led to a favorable outcome for the Settlement Class.

Moreover, the service payments are presumptively reasonable because none of the Settlement Class members has objected to these payments. The Court-approved notice explicitly informed each Class Member of the service payments and amounts. *See* ECF No. 12-1 at 24. Although Class Members had the opportunity to object to the payments, none did so. Such silence indicates consent that the requested service awards are reasonable. *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d 768, 812 (3d Cir.1995); *Ross v. A.H. Robins*, 700 F. Supp. 682, 684 (S.D.N.Y. 1998) ("The absence of objectants may itself be taken as evidencing the fairness of the settlement." (citation omitted)); *see, e.g., Bert v. AK Steel Corp*, No. 1:02 Civ. 467, 2008 WL 4693747, 3 (S.D. Ohio Oct. 23, 2008) (no objections from the class for a $10,000 service payment favored the award). Thus, the requested payment of $300 to each Plaintiff is well deserved and should be awarded. The parties, therefore, respectfully request that the Court approve a $300 service award to each Named Plaintiff.

**Page 18 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

IV.    THE AGREED ATTORNEYS' FEES AND COSTS ARE REASONABLE

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018).

The parties have agreed to an award to Class Counsel of $15,352.17 in attorneys' fees and $490.00 in costs. However, counsel for Plaintiffs incurred over $23,000.00 in billed fees and costs, litigating this case from investigating claims to drafting the complaint, reviewing the data provided by Defendant, calculation of potential damages, extensive settlement negotiations, briefing on relevant issues (including this Court's jurisdiction), the distribution of Notice and Opt-Out Forms, and preparation and review of settlement documents. Plaintiffs' counsel will continue to incur substantial fees and costs in contacting and mailing settlement checks to Class Members. At just 69% of Plaintiffs' counsel's billed fees and costs to date, this award is reasonable. Moreover, because this amount is in addition to the amount set aside for the benefit of the Class, th agreed-upon award of attorneys' fees and costs will not affect any Class Member's recovery. The

Page 19 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement

parties assert that the agreed-upon fees and costs are reasonable and should be approved.

## V.    CONCLUSION

The Settlement provides substantial relief to the Settlement Class without enduring protracted litigation. Given the presence of skilled counsel for all parties, the additional substantial expense and risks attendant with continued Litigation, the sizable present benefit of receipt of the settlement payment, and the arm's-length negotiations leading to settlement, the Court should find that the Settlement is fair, reasonable, and adequate. Further, the service payments sought for Named Plaintiffs are a recognized way to compensate them for their services and the risks and delay they bore for the Class; are well within the range of those approved by courts in this District; and were approved without objection by the Class. Therefore, for the reasons discussed herein, the parties respectfully request that this Court grant final approval of the Settlement Agreement as fair, reasonable, and adequate and enter its order accordingly.

**Page 20 of 21**
**Vincent Ross, et al. v. Magnolia Flooring Mill, LLC**
**U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH**
**Joint Motion for Final Approval of Class Action Settlement**

Respectfully submitted,

**VINCENT ROSS, JUSTIN JACKSON
and DEVANTE FRANKLIN, Individually
and on Behalf of All Others Similarly
Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: 501-221-0088
Facsimile: 888-787-2040

Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and    MAGNOLIA FLOORING MILL, LLC,
DEFENDANT**

BELL, BOYD & McMAHEN, PLLC
100 North Court Square
Post Office Box 841
Magnolia, Arkansas 71754-0841
Telephone: 870-234-6111

Michael W. Boyd
Ark. Bar No. 97199
mboyd@bell-boyd.net

Jennifer Jameson McKendree
Ark. Bar No. 2007190
jmckendree@bell-boyd.net

**Page 21 of 21
Vincent Ross, et al. v. Magnolia Flooring Mill, LLC
U.S.D.C. (W.D. Ark.) Case No. 1:18-cv-1075-SOH
Joint Motion for Final Approval of Class Action Settlement**