IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VINCENT ROSS, JUSTIN JACKSON, and
DEVANTE FRANKLIN, Individually and
on Behalf of All Others Similarly Situated                                                        PLAINTIFFS

v.                                                       Case No. 1:18-cv-1075

MAGNOLIA FLOORING MILL, LLC                                                                        DEFENDANT

## FINAL ORDER AND JUDGMENT

Before the Court is the parties' Joint Motion for Final Approval of Class Action Settlement ("Final Motion"). ECF No. 25. Plaintiffs and Defendant have agreed, subject to Court approval, to settle this litigation pursuant to the terms and conditions stated in their Joint Stipulation of Settlement and Release ("Settlement Agreement") filed with the Court on March 13, 2020. ECF No. 16-1. On June 23, 2021, the Court granted the parties' Joint Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class. ECF No. 21. On September 23, 2021, the Court held a final approval hearing on the instant motion. ECF No. 26. The Court finds the matter ripe for consideration.

### I. FINDINGS OF FACT

1. On December 14, 2018, all named Plaintiffs filed the Original Complaint-Class and Collective Action (ECF No. 1) bringing claims against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*, for unpaid overtime wages.

2. On March 13, 2020, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class. ECF No. 16. The parties attached

the Settlement Agreement to that motion. The parties sought to settle this matter through the class action procedures under Federal Rule of Civil Procedure 23.

3. On June 23, 2021, the Court granted the parties' request for preliminary approval of the Settlement Agreement, the proposed Class for settlement purposes, and the proposed means of providing notice to the settlement Class ("Preliminary Approval Order"). ECF No. 21.

4. As part of its Preliminary Approval Order, the Court conditionally certified for settlement purposes only a Class defined as follows:

> The "Settlement Class" or the "Class" consists of all current or former hourly-paid production employees who work or worked at the Magnolia Flooring manufacturing facility located in Hamburg, Arkansas, at any time between May 26, 2016, and January 19, 2018, and who earned a bonus in at least one week in which they worked more than forty hours. These individuals have been identified in Exhibit A (ECF No. 16-1, Exhibit A) to the Parties' Settlement Agreement.

5. The Preliminary Approval Order appointed Josh Sanford of the Sanford Law Firm, PLLC, as Class Counsel.

6. The Preliminary Approval Order approved the Notice of Proposed Settlement and the Opt-Out Form contained in the Settlement Agreement, as well as the proposed manner for which class members could object to the proposed settlement upon notice.

7. The Preliminary Approval Order set a final approval hearing regarding the Settlement Agreement for September 23, 2021. The parties were directed to file a motion for final approval of all terms of the Settlement Agreement prior to the final fairness hearing.

8. On September 16, 2021, the parties filed their Final Motion for the Court's approval of the terms of the Settlement Agreement. In support, the parties stated that after dissemination of the Notice of Settlement and Opt-Out Form to Class members, no member of the Class has submitted objections to the Settlement Agreement. The parties set forth extensive argument and authority as to the fairness of the Settlement Agreement.

9. The $21,638.25 Settlement Fund stipulated in the Settlement Agreement provides fair monetary relief to the Class. The $300.00 service awards to the three named Plaintiffs, for a total of $900, are appropriate. The remaining $20,738.25 is appropriately dispersed among the settlement class according to calculated unpaid overtime and liquidated damages, as detailed in the Exhibit A of the Settlement Agreement.

10. Class Members who did not timely file and serve an objection in writing in response to the Notice of Settlement in accordance with the procedures set forth in the Settlement Agreement and mandated in the Preliminary Approval Order are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

11. At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and the adequacy of the Settlement Agreement; and (c) the fairness and reasonableness of Class Counsel's request for fees and costs under applicable law. The Court independently evaluated the pleadings, evidence, and testimony of Class Counsel and Defendant's counsel, and also considered arguments that could reasonably be made against approval of the Settlement Agreement and Class Counsel's request for fees and costs, even though such arguments were not actually presented to the Court by pleading or oral argument.

12. On the basis of the matters presented in this Lawsuit and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

    a. The liability issues in this suit and the suitability of this suit for certification of a litigation class have been vigorously contested;

    b. This Settlement Agreement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues may still be vigorously contested among the Parties;

    c. The Settlement Agreement is clearly a byproduct of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel or Defendant; and

    d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## II. CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over the Plaintiffs, Defendant, and Class Members; venue is proper; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Settlement Agreement, to grant final certification of the Class, to settle and release all claims arising out of the suit, and to enter this Final Order and Judgment and dismiss this suit on the merits and with prejudice.

2. The Court concludes that, for settlement purposes only, the Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement Class. In connection with the class certification ruling, the Court specifically finds as follows: the Class Members are ascertainable by an objective standard and are too numerous to be joined; questions of law and fact are common to all Class Members, as required by Rule 23(a)(1) and (2). Moreover, the common questions of law and fact predominate over any questions affecting only individual members, and a class action is the superior method to fairly and efficiently adjudicate

the controversy, as required by Rule 23(b)(3). The Representative Plaintiffs' claims are typical of those of the Class, as required by Rule 23(a)(3). The Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Class for the purposes of entering into and implementing the Settlement Agreement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3. Based on the Court's review of the evidence submitted and testimony of counsel, the Court finds and concludes that the Notice of Settlement and Opt Out Form which were mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the suit, the Settlement Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

4. The Final Approval Hearing and evidence before the Court clearly support a finding that the Settlement Agreement was entered into in good faith after arms-length negotiations between Plaintiffs and Defendant, and the Court does hereby so find.

5. The Court finds that approval of the Final Motion and Settlement Agreement will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Settlement Agreement is fair, reasonable, and adequate to, and in the best interests of, members of the Class, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

6. A review of the following factors supports a finding that the Settlement is fair, reasonable and adequate:

    a. The strength of the case for the Plaintiff on the merits, balanced against the amount offered in the settlement;

    b. The Defendant's overall financial condition and ability to pay;

    c. The complexity, length and expense of further litigation; and

    d. The amount of opposition to the settlement.

*Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)).

    7. The parties indicated at the Final Approval Hearing that no Class Member had raised an objection to the Notice of Settlement. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement Agreement, and considering objections that could have been raised by any Class Member, finds that the Settlement Agreement is fair, reasonable, and adequate under federal law and the *Van Horn* factors.

    8. Class Counsel's request for $15,352.17 in attorney's fees, $490.00 in costs, and the Representative Plaintiffs' $300 service award, to be paid by Defendant, are fair, reasonable, and adequate, based on review of the following factors:

    a. The time and labor required;

    b. The novelty and difficulty of the questions;

    c. The skill requisite to perform the legal service properly;

    d. The preclusion of other employment by the attorney due to acceptance of the case;

    e. The customary fee for similar work in the community;

    f. Whether the fee is fixed or contingent;

    g. Time limitations imposed by the client or the circumstances;

      h.    The amount involved and the results obtained;

      i.    The experience, reputation, and ability of the attorneys;

      j.    The undesirability of the case;

      k.    The nature and length of the professional relationship with the client; and

      l.    Awards in similar cases.

See *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 993 (D. Minn. 2005) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)); *see also Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990) (utilizing a similar multi-factor test in considering whether to award attorneys' fees).

**IT IS HEREBY ORDERED, ADJUDJED, AND DECREED THAT:**

1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Class is confirmed for the purpose of the Settlement, in accordance with the Settlement Agreement.

2.    No Class Member raised objections to the Notice of Settlement. All potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Settlement Agreement.

3.    The parties' Joint Motion for Final Approval of Class Action Settlement (ECF No. 25) is hereby **GRANTED** and all provisions and terms of the Settlement Agreement are hereby finally approved in all respects. The Parties to the Settlement Agreement are directed to consummate the terms of the Settlement Agreement in accordance with its terms, as may be modified by subsequent orders of this Court.

4.    This Final Order and Judgment shall be immediately entered as to all claims in the suit between the Representative Plaintiffs and Class Members and Defendant, and Final Judgment

is entered approving and adopting all terms and conditions of the Settlement Agreement, fully and finally terminating all claims of the Representative Plaintiffs and the Class in this suit against Defendant, on the merits and with prejudice without leave to amend. The Court expressly determines that there is no just reason for delay in entering this Final Order and Judgment.

5. Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiffs Vincent Ross, Justin Jackson, and Devante Franklin are appointed as the Representative Plaintiffs for this Class, and the following counsel are appointed as counsel for the Class:

    a. Josh Sanford, Sanford Law Firm, PLLC, One Financial Center, 650 South Shackleford, Suite 411 Little Rock, Arkansas 72211.

6. Upon the entry of this Final Order and Judgment, the Representative Plaintiffs, all Class Members who did not timely and properly exclude themselves from the Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Order and Judgment and shall be conclusively deemed to have fully released and discharged, acquitted and forever discharged, to the fullest extent permitted by law, any and all claims against Defendant, all as defined in the Settlement Agreement, and shall be conclusively bound by this Final Order and Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue Defendant for any released claims. The Representative Plaintiffs and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Settlement Agreement. The Settlement Agreement shall be the exclusive remedy for all Class Members with regards to released claims.

7.      In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Order and Judgment, the Court permanently and forever bars and enjoins the Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against Defendant for any of the released claims.  Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

8.      Pursuant to Rule 23(h), the Court awards Class Counsel $15,352.17 in attorney's fees and $490 in costs.  In addition, the Court awards the Representative Plaintiffs a service award of $300.00.  The Court hereby finds that these amounts are fair and reasonable.  Defendant shall pay such fees to Class Counsel and the service award to the Representative Plaintiffs pursuant to the terms of the Settlement Agreement.  Defendant shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

9.      Payments to Class Members shall be made in the amounts and in the manner described in Exhibit A of the Settlement Agreement.

10.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

11.     The suit is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

12.     Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

   a. Enforcing the Settlement Agreement;

    b. Hearing and determining any application by any party to the Settlement Agreement for a settlement bar order; and

    c. Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this 6th day of October, 2021.

                                                      /s/ Susan O. Hickey  
                                                      Susan O. Hickey  
                                                      Chief United States District Judge